B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**  Karina Beleno-Carney | **DEFENDANTS**  Nelnet, Internal Revenue Service, and Massachusetts Department of Revenue |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Gary W. Cruickshank, Esq.  (617)330-1960 21 Custom House Street, Ste 920, Boston MA 02110 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Jurisdiction of this Court is based upon 28 U.S.C 157 (b)(2)(I), 11 USC 105(a), 11 USC 523(a)(8) and Rules 7001(6) and (9) of the Federal Rules of Bankruptcy Procedure.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR Karina Beleno-Carney | BANKRUPTCY CASE NO. 20-40723 | | |
| DISTRICT IN WHICH CASE IS PENDING Eastern | DIVISION OFFICE Central | NAME OF JUDGE Christopher J. Panos | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE 10 6 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Gary W. Cruickshank, Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In Re: ) | Chapter 7 |
| KARINA BELENO-CARNEY ) | Case No. 20-40723-CJP |
|    Debtor ) | |
| ---------------------------------------------) | |
| ) | |
| KARINA BELENO-CARNEY ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | Adversary Proceeding |
| ) | No. 20- |
| NELNET ) | |
|    Defendant ) | |
| And ) | |
| INTERNAL REVENUE SERVICE ) | |
|    Defendant ) | |
| And ) | |
| MASSACHUSETTS ) | |
| DEPARTMENT OF REVENUE ) | |
|    Defendant ) | |

COMPLAINT FOR DECLARATORY RELIEF

This is the Complaint of the Plaintiff against the Defendant, Nelnet, seeking a declaratory judgment of this Court that various educational loans asserted against the Plaintiff by Nelnet will be discharged upon the completion of her payments under the Ford Program as that term is defined below and that she will have no forgiveness of debt liability as a result of said discharge of debt.

PARTIES AND JURISDICTION

1. The Plaintiff, Karina Beleno-Carney, is a natural person who resides at 26 Powderhouse Road, Groton, Massachusetts

2. On July 2, 2020, the Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code in this Court (hereinafter the "Bankruptcy Case").

3. The 11 U.S.C 341 meeting in the Bankruptcy Case was held on August 10, 2020.

4. The Defendant, Nelnet is, upon information and belief, a corporation duly organized under the laws of the State of Nebraska with an usual place of business at 121 South 13th Street, Suite 100, Lincoln, Nebraska 68508 and mailing address of PO Box 82561, Lincoln NE 68501. The Defendant is asserting a claim in the approximate amount of $193,834.00 against the Plaintiff. The funds evidenced by said claim were utilized by the Plaintiff for educational purposes.

5. The Defendant, Internal Revenue Service, is a body politic, with an address, inter alia, Internal Revenue Service, PO Box 7346, Philadelphia PA 19101, Internal Revenue Service, c/o U.S. Attorneys Office, John Joseph Moakley Building and Courthouse, U.S. Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston MA 02110 and Attorney General of the United States, U.S. Dept. of Justice, 950 Pennsylvania Avenue NW, Washington DC 20530.

6. The Defendant, Massachusetts Department of Revenue is a body politic, with an address of Litigation Bureau, 100 Cambridge Street, PO Box 9565, Boston MA 02114.

7. Jurisdiction of this Court is based upon 28 U.S.C 157 (b)(2)(I), 11 USC 105(a), 11 USC 523(a)(8) and Rules 7001(6) and (9) of the Federal Rules of Bankruptcy Procedure.

## CAUSE OF ACTION

8. As indicated above, the Plaintiff is indebted to the Defendant, Nelnet, in the approximate amount of $193,834.00 on the basis of various student loans.

9. This debt arose as a result of certain funds borrowed by the Plaintiff to finance her education and to obtain the following degrees:

    a. B.A. from Wellesley College in 2000;

    b. Masters and Graduate degrees in Acupuncture and Oriental Medicine (MAOM) in 2005.

8. The debt evidences various student loans made to the Plaintiff by the Defendant, Nelnet or the predecessors to the Defendant Nelnet.

9. The Plaintiff is presently unemployed. The Plaintiff is presently married and her spouse is employed.

10. The monthly gross income of the Plaintiff and her non-Debtor spouse is $5,163.00.

11. The Plaintiff has been, since August 24, 2013, participating in the William D. Ford Program (hereinafter the "Ford Program") relative to the repayment of these student loans.

12. The Ford Program requires the Plaintiff to make monthly payments for a specific period of time.

13. The Ford Program provides that the Plaintiff will receive a discharge of the remainder of her debt to the Defendant, Nelnet, upon completion of said payments, but absent an Order of this Court, any unpaid debt to the Plaintiff would be subject to debt forgiveness income tax liability.

3

14. The Plaintiff seeks a declaration of this Court that once her payments are completed under the Ford Program, that the remainder of the debt due to the Defendant, its successors and/or assigns, is discharged and that there will be no forgiveness of debt income generated.[1]  See In Re Ayele, 468 B.R. 24 (2012), Brunell v. Citibank (S.Dakota, N.A). (In Re Brunell), 356 B.R. 567 (Bankr.D.Mass 2006).

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter a finding that, upon completion of the payments by the Plaintiff under the Ford Program, the remainder of the student loan debt is discharged so there will be no forgiveness of debt income tax and that the Plaintiff have such other and further relief as is just.

                                            Karina Beleno-Carney
                                            By her Litigation Counsel

Dated: October 6, 2020          /s/Gary W. Cruickshank
                                            21 Custom House Street
                                            Suite 920
                                            Boston MA 02110
                                            (617)330-1960
                                            (BBO107600)
                                            gwc@cruickshank-law.com

---

[1] This is the reason that the Internal Revenue Service and the Massachusetts Department of Revenue are listed as Defendants.

4