UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In Re: ) | Chapter 7 |
| KARINA BELENO-CARNEY ) | Case No. 20-40723-CJP |
|     Debtor ) |  |
| ----------------------------------------------) |  |
| ) |  |
| KARINA BELENO-CARNEY ) |  |
|     Plaintiff ) |  |
| ) |  |
| v. ) | Adversary Proceeding |
| ) | No. 20-4039 |
| NELNET ) |  |
|     Defendant ) |  |
| ) |  |
| COLLEGE ASSIST ) |  |
|     Defendant ) |  |
| And ) |  |
| INTERNAL REVENUE SERVICE ) |  |
|     Defendant ) |  |
| And ) |  |
| MASSACHUSETTS ) |  |
| DEPARTMENT OF REVENUE ) |  |
|     Defendant ) |  |
| -------------------------------------------- |  |

## SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF

This is the Complaint of the Plaintiff against the Defendants, Nelnet/College Assist, seeking a declaratory judgment of this Court that the student loan debt due to said Defendants, College Assist/Nelnet is discharged as creating an undue hardship to the Plaintiff and her dependents, or in the alternative, that various educational loans asserted against the Plaintiff by Nelnet/College Assist will be discharged upon the completion of her payments under the Ford Program as that term is defined below and that she will have no forgiveness of debt liability as a result of said discharge of debt.

## PARTIES AND JURISDICTION

1. The Plaintiff, Karina Beleno Carney, is a natural person who resides at 26 Powderhouse Road, Groton, Massachusetts.

2. On July 2, 2020, the Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code in this Court (hereinafter the "Bankruptcy Case").

3. The 11 U.S.C 341 meeting in the Bankruptcy Case was held on August 10, 2020.

4. The Defendant, Nelnet is, upon information and belief, a corporation duly organized under the laws of the State of Nebraska with an usual place of business at 121 South 13th Street, Suite 100, Lincoln, Nebraska 68508 and mailing address of PO Box 82561, Lincoln NE 68501. The Defendant is asserting a claim in the approximate amount of $193,834.00 against the Plaintiff. The funds evidenced by said claim were utilized by the Plaintiff for educational purposes.

5. The Defendant, College Assist is upon information and belief, a corporation duly organized under the laws of the State of Colorado, with an usual place of business at 1600 Broadway, Suite 2300, Denver CO 80202 and a mailing address of PO Box 16358, Saint Paul, Minnesota 55116. The Defendant is asserting a claim in the approximate amount of $193,834.00 against the Plaintiff. The funds evidenced by said claim were utilized by the Plaintiff for educational purposes.

6. The Defendant, Internal Revenue Service, is a body politic, with an address, inter alia, Internal Revenue Service, PO Box 7346, Philadelphia PA 19101,

      Internal Revenue Service, c/o U.S. Attorneys Office, John Joseph Moakley Building and Courthouse, U.S. Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston MA 02110 and Attorney General of the United States, U.S. Dept. of Justice, 950 Pennsylvania Avenue NW, Washington DC 20530.

7. The Defendant, Massachusetts Department of Revenue is a body politic, with an address of Litigation Bureau, 100 Cambridge Street, PO Box 9565, Boston MA 02114.

8. Jurisdiction of this Court is based upon 28 U.S.C 157 (b)(2)(I), 11 USC 105(a), 11 USC 523(a)(8) and Rules 7001(6) and (9) of the Federal Rules of Bankruptcy Procedure.

## CAUSE OF ACTION

9. As indicated above, the Plaintiff is indebted to the Defendant, Nelnet/College Assist, in the approximate amount of $193,834.00 on the basis of various student loans (the "Debts").

10. This debt arose as a result of certain funds borrowed by the Plaintiff to finance her education and to obtain the following degrees:

    a. Bachelor of Arts (B.A.) from Wellesley College in 2000.

    b. Masters and Graduate degrees in Acupuncture and Oriental Medicine (MAOM) in 2005.

11. The debt evidences various student loans made to the Plaintiff by the Defendant, Nelnet/College Assist or the predecessors to the Defendant Nelnet/College Assist.

12. The Plaintiff has a minor child, age 13, diagnosed with Chronic Diffuse Body Pain and Fatigue Syndrome in 2017, and required 7 weeks of full day outpatient care through Boston Children's Hospital from 2/16/21 through 4/2/21. Plaintiff is the primary caretaker responsible for driving child to and attending appointments daily with child. Child has follow up appointments and will require transport to such needs as physical therapy, occupational therapy, and behavioral therapy as recommended by her care team.

13. Plaintiff has a minor child, age 9, diagnosed with Type 1 Diabetes Mellitus on August 7, 2018. Type 1 Diabetes is a disability that requires care such that the child's school has stated that her son cannot participate in certain school activities without a parent being present. Child requires constant monitoring, several prescription drugs, and various medical appointments for his permanent disability.

14. There is a third minor child, age 2, and Plaintiff is the primary caretaker for doctor's appointments, transportation, and at home care for the child.

15. The Plaintiff asserts that she is unable to obtain employment because she cannot leave childcare to others.

16. The Plaintiff asserts that she has been unemployed since March 14, 2020 due to COVID19. Plaintiff was unable to practice acupuncture safely until fully vaccinated; Plaintiff closed her business due to childcare constraints, overhead costs, and lack of capital and filed for Bankruptcy.

17. The Plaintiff asserts that due to COVID19, dependent childcare responsibilities have shifted to her due to limited availability of daycare spaces, cost of

4

        daycare expenses, remote schooling, and increased health risks of her Type 1 diabetic child due to COVID19.

18. The Plaintiff asserts that the COVID19 pandemic will continue to affect her future ability to earn income due to unstable situation in schools and small business.

19. The Plaintiff and her spouse do not pay rent due to the employment of her spouse which covers housing for the Plaintiff and her family.

20. The family has unlimited data plan data plan due to the family needs for 24/7 access to monitor the diabetes of their son using bluetooth and cellular technology; the Verizon Wireless cost is $173.88 per month. The cost of home internet service through Verizon is $106.50 per month.

21. The 9 year old child has a phone for medical reasons; his phone acts as a medical device tracking his blood glucose level and reporting to the parents' and school nurses;' phones.

22. The 13 year old does not have a phone.

23. The Plaintiff and her spouse are not purchasing expensive electronic items for the entertainment of their children.

24. The Plaintiff has accumulated no wealth.

25. The Plaintiff owns no property.

26. The Plaintiff has no retirement account.

27. The Plaintiff's health is generally good.

28. Based upon the totality of the circumstances, both presently and in the future, the Plaintiff cannot maintain a household while paying the Debts.

29. There is no likelihood of a significant future increase in her income which would allow the Plaintiff to be able to repay the Debts.

30. At all times relevant and material hereto, the Plaintiff has acted in good faith and has made a good faith effort to repay these loans.

31. The Plaintiff requests that this Court enter a declaratory judgment finding that the Debts to all the Defendants should be discharged since the non-discharge of such debt would cause an undue hardship.

32. The Plaintiff is 43 years old.

33. It would create an undue hardship on the Plaintiff if the debt due to the Defendants was not discharged.

34. The Plaintiff has no present or future ability to pay this debt.

35. The Plaintiff cannot maintain, based upon current income and expenses, a minimal standard of living for her and her family if forced to repay the Debts to the Defendants.

36. The Plaintiff is unable to decrease her expenses and cost of living. See In Re Schatz, 606 B.R. 29 (2019).

37. Plaintiff's dependents qualify for medical assistance through MassHealth due to being a low-income family and the medical disability cost of the 9 year old with diabetes. Plaintff pays a supplemental premium of $36.00 per month in addition to Health Coverage through non-debtor spouse's full-time employer. The Plaintiff asserts that if she was to have increased earnings (or the household had increased earnings), the dependents would cease to qualify for support from Medicaid and the future medical bills for both the 9 year old and

the 13 year old dependent medical conditions in addition to paying student loan debt would cause an undue hardship. See In Re Schatz, 606 B.R. 29 (2019).

38. At all times relevant and material hereto, the Plaintiff has acted in good faith and has made a good faith effort to repay these loans. Plaintiff has made 72 qualifying payments.

39. The Plaintiff is presently unemployed. The Plaintiff is presently married and her spouse is employed.

40. The monthly gross income of the Plaintiff and her non-Debtor spouse is $6,472.00. This includes Pandemic Unemployment Benefits of $642.00 per week (approximately $2,568.00 per month) that Plaintiff began receiving in April of 2020 under the CARES and HEROES Acts and that will expire on or about September 4, 2021.

41. The Plaintiff and Non-Debtor spouse pay $671.00 for part-time day care for the 2 year old minor child; 2 year old minor child was on a waitlist for a spot in child care from on or about February 2020 until October 2020; the child is enrolled in order to allow Plaintiff to transport other children to appointments, and potentially begin to work again part-time when able, or, have a spot in order to enroll full time with the prospect of full time employment and financial ability.

42. The Plaintiff and Non-Debtor spouse drive a 2013 Honda Odyssey, the Title of which is held by Worker's Federal Credit Union. Plaintiff and Non-Debtor

spouse made a loan payment of $285.00 per month for the vehicle. The remaining balance on the car loan is approximately, $11,075.

43. The Plaintiff and Non-Debtor spouse drive a 2015 Toyota Corolla. The Title of which is held by Worker's Federal Credit Union. Plaintiff and Non-Debtor spouse made a loan payment of $250.00 per month for the vehicle. The remaining balance on the car loan is approximately, $5,570.

44. The Plaintiff and Non-Debtor spouse have gas and maintenance cost of approximately $380.00 per month in vehicle expenses.

45. The Plaintiff and Non-Debtor pay $314.73 in car insurance premium each month.

46. The Plaintiff has been, since August 24, 2013, participating in the William D. Ford Program (hereinafter the "Ford Program") relative to the repayment of these student loans.

47. The Ford Program requires the Plaintiff to make monthly payments for a specific period of time; typically, the Ford program requires at least 25 years in repayment before a person *can apply* for cancellation of the loan.

48. The Ford Program provides that the Plaintiff will receive a discharge of the remainder of her debt to the Defendant, Nelnet/College Assist, upon completion of said payments, but absent an Order of this Court, any unpaid debt to the Plaintiff would be subject to debt forgiveness income tax liability.

49. The Plaintiff also seeks a declaration of this Court that if her claim is not dischargeable, that the remainder of the debt due to the Defendant Nelnet/College Assist, its successors and/or assigns, is discharged and that

there will be no forgiveness of debt income generated.[1] See <u>In Re Ayele</u>, 468 B.R. 24 (2012), <u>Brunell v. Citibank</u> (S.Dakota, N.A). (<u>In Re Brunell</u>), 356 B.R. 567 (Bankr.D.Mass 2006).

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter a finding that,

1. The Debts are discharged as creating an undue hardship on the Plaintiff or in the alternative;

2. Upon completion of the payments by the Plaintiff under the Ford Program, or any future applicable program for forgiveness, or where the remainder of the student loan debt is discharged, there will be no forgiveness of debt income tax and that the Plaintiff have such other and further relief as is just.

                              Karina Beleno-Carney
                              By her Litigation Counsel

Dated: May 4, 2021           /s/Gary W. Cruickshank
                              21 Custom House Street
                              Suite 920
                              Boston MA 02110
                              (617)330-1960
                              (BBO107600)
                              gwc@cruickshank-law.com

---

[1] This is the reason that the Internal Revenue Service and the Massachusetts Department of Revenue are listed as Defendants.